IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESTER R. SHINAULT,

    Plaintiff,

                                  3:11-CV-436-PK

v.                                     FINDINGS AND
                                      RECOMMENDATION

DICK HAWKS, TAMI DOHRMAN,
MARTHA McDANIEL, and OREGON
DEPARTMENT OF CORRECTIONS,

    Defendants.

PAPAK, Magistrate Judge:

    Plaintiff Lester R. Shinault, an incarcerated prisoner proceeding *pro se*, filed this action *in forma pauperis* against defendants Dick Hawks, Tami Dohrman, Martha McDaniel, and the Oregon Department of Corrections on April 6, 2011. By and through his complaint as originally filed, Shinault alleged defendants' liability under 42 U.S.C. §§ 1983, 1985, and 1986 for the violation of his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and under Oregon common law for torts identified in Shinault's complaint as "grievous harm" and "extortion." On June 11, 2012, I recommended that summary judgment be granted in the defendants' favor as to all of Shinault's claims, and on September 6, 2012, Judge

Page 1 - FINDINGS AND RECOMMENDATION

Brown adopted my recommendation as to all of Shinault's claims other than his Section 1983 claim premised on the violation of his Fourteenth Amendment due process rights. As to that claim, Judge Brown noted that I inadvertently failed to address the merits of the claim in my Findings of Recommendation of June 11, 2012. In consequence, Judge Brown referred defendants' motion (#27) for summary judgment back to me for further proceedings in connection with Shinault's Fourteenth Amendment claim.

Now before the court, therefore, is defendants' motion (#27) for summary judgment to the extent it addresses Shinault's single remaining claim, for violation of his Fourteenth Amendment rights, only. I have considered the motion and all of the papers and pleadings on file. For the reasons set forth below, the motion should be granted.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

Page 2 - FINDINGS AND RECOMMENDATION

## MATERIAL FACTUAL BACKGROUND

The parties are familiar with the facts underlying this dispute, and they are stated in full in the body of my Findings and Recommendation dated June 11, 2012. I therefore do not restate the facts here, and instead incorporate by reference and rely upon the statement and findings of fact contained in my Findings and Recommendation (#61) dated June 11, 2012.[1]

## ANALYSIS

Shinault takes the position that the withdrawal of funds from his inmate trust account that formed the basis for his Section 1983 claim premised on the violation of his constitutional right to access the courts also supports a Section 1983 claim premised on the violation of his right to due process. Defendants concede that Shinault has a protected property interest in those funds, and that he is therefore entitled to due process in connection with any forfeiture thereof. However, defendants argue that Shinault has already received all process to which he was entitled in connection with the involuntary withdrawal of funds from his inmate trust account. In support, defendants point to evidence of record establishing that Shinault received pre-withdrawal notice of the possibility that funds would be withdrawn from his account, that before the withdrawal took place Shinault requested and received a hearing before an Administrative Law Judge at which he had the opportunity to be represented by counsel, to present evidence, and to respond to the evidence offered by defendants and other ODOC staff members. In addition, it is undisputed that Shinault had available to him post-deprivation process in the form of the grievance procedures available to all ODOC detainees and prisoners.

I agree with the defendants that the evidence establishes that Shinault received all process

---

[1] Judge Brown adopted my factual findings without modification.

Page 3 - FINDINGS AND RECOMMENDATION

to which he was due in connection with the withdrawal of funds from his inmate trust account.

> It is axiomatic that due process "is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. [471,] 481 [(1972)]; *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886, 895 (1961); *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 162-163 (1951) (Frankfurter, J., concurring). The function of legal process, as that concept is embodied in the Constitution, and in the realm of factfinding, is to minimize the risk of erroneous decisions. Because of the broad spectrum of concerns to which the term must apply, flexibility is necessary to gear the process to the particular need; the quantum and quality of the process due in a particular situation depend upon the need to serve the purpose of minimizing the risk of error. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

*Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 12-13 (1979). Here, Shinault received pre-deprivation process in the form of a quasi-judicial proceeding with a right to appeal the administrative law judge's decision to the Oregon Court of Appeals, and post-deprivation process in the form of the right to file grievances and to appeal therefrom. Although it does not appear that the Ninth Circuit has weighed in on the question of the process to which a prisoner may be entitled before funds may be withdrawn from the prisoner's inmate trust account, other courts have held that the constitutional minima of due process to which such a prisoner may be entitled are satisfied by the availability of post-deprivation grievance procedures alone. *See, e.g., Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 421-422 (3d Cir. 2000). The process available to and pursued by Shinault was more than sufficient to ensure that his Fourteenth Amendment due process rights were not violated.

## CONCLUSION

For the reasons set forth above, defendants' motion (#27) for summary judgment should be granted as to Shinault's claim under 42 U.S.C. § 1983 premised on the violation of his Fourteenth Amendment due process rights. A final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 10th day of December, 2012.

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge

Page 5 - FINDINGS AND RECOMMENDATION